CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 24-CR-0579 RS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| | ) | |
| v. | ) | |
| | ) | Hearing Date:  December 2, 2025 |
| JALEEN MCKELLER, | ) | Hearing Time:  9:30 am |
| | ) | |
| Defendant. | ) | Hon. Richard Seeborg |
| | ) | |
| | ) | |

**INTRODUCTION**

The Defendant, Jaleen McKeller, stands before the Court to be sentenced after his guilty plea to a violation of Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm. The government respectfully submits this sentencing memorandum to indicate that it has no objection to the Presentence Report and to recommend that the Court impose a sentence at the low end of the Guidelines range, or 10 months.

**DEFENDANT'S OFFENSE CONDUCT**

Just after midnight on July 6, 2024, Defendant was a passenger in a dark Chrysler with no rear plates on the Bay Bridge heading into San Francisco.  CHP Officers initiated a traffic stop and pulled the

1  car over.  As officers approached the vehicle, they noticed a gun between the front right passenger seat

2  and the center console.  Officers removed Defendant and the driver—co-defendant Gabriel Jones—from

3  the car and recovered a pistol from McKeller that was hidden in a sling that he was wearing because of a

4  broken collarbone.  That firearm was a Springfield Hellcat 9mm handgun, with serial number

5  BB452761, and two magazines containing a combined total of 28 rounds of 9mm caliber ammunition

6  were recovered with the firearm.  Officers also seized the pistol wedged between the passenger seat and

7  the center console that initially drew their attention.  That weapon was a privately manufactured firearm

8  without a serial number, commonly referred to as a "ghost gun," loaded with rounds of 9mm

9  ammunition.

10       Officers also removed co-defendant Jones from the car and recovered a Glock pistol from the

11  waistband of his pants.  The gun was loaded with 9mm ammunition, and there was a second loaded

12  magazine with it.  That Glock was equipped with a switch that converted the pistol into an automatic

13  weapon.  Further, Jones was wearing body armor.  Officers also found two large capacity magazines in

14  the vehicle:  a 50 round drum magazine; and a loaded 30 round magazine.  Finally, there was a safe in

15  the car that contained another pistol and a loaded magazine for it.

16                          **SENTENING GUIDELINES CALCULATION**

17       The Sentencing Guidelines are calculated as follows, based on Defendant's status as a prohibited

18  person because of his prior felony conviction.

19       a.    Base Offense Level, U.S.S.G. § 2K2.1(a)(3):                          14

20       b.    Acceptance of Responsibility:                                       -2

21       c.    Adjusted Offense Level:                                             12

22  The government agrees with the Presentence Report's calculation of Defendant's criminal history status

23  as a CHC I.  With an adjusted offense level of 12 and status of CHC I, it results in a Guidelines range of

24  10-16 months.

25                             **SECTION 3553(A) FACTORS**

26       The factors listed under 18 U.S.C. § 3553(a) direct the Court to impose a sentence that is

27  sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See United States v. Carty*,

28  520 F.3d 984, 991 (9th Cir. 2008).  The key factors in this case are the nature and circumstances of the

1  offense and the history and characteristics of the defendant, 3553(a)(1), and the need for deterrence,

2  3553(a)(2)(B).

3      Although Defendant McKeller has three felony convictions, two of them occurred more than 10

4  years ago, and therefore, they do not qualify for his criminal history calculation.  PSR ¶¶ 31-34.  Thus,

5  Defendant qualifies as a CHC I because of his single adult felony prior, but his record is slightly more

6  serious than this low classification might suggest.  The PSR also reports a significant pending case, but

7  that has yet to be adjudicated.  PSR ¶ 37.

8      With respect to deterrence, Defendant McKeller is aware of the incredible danger posed by

9  firearms and the terrible impact that gun violence has on the community.  Defendant's best friend was

10 killed when he was 15, and he has lost and several other friends to violence shortly thereafter.  PSR ¶ 48.

11 Despite this reality, and despite a prior weapons conviction and later arrest, PSR ¶ 31, 39, Defendant

12 was armed with a concealed weapon on his person on July 6, 2024, with a second loaded gun right at

13 hand.  Even more concerning, he was with another convicted felon—Gabriel Jones—who had a more

14 serious criminal record, and who had an automatic pistol on his person, multiple high-capacity

15 magazines and dozens of rounds of ammunition in his car, and who was wearing body armor.  The

16 record does not indicate what Jones and McKeller were doing prior to when they were pulled over, or

17 where they were heading, but the circumstances of their arrest show they were heavily armed and

18 potentially ready for battle.

19     For this reason, a period of some custody is appropriate, to impart the seriousness of this offense

20 and to prompt Defendant to make whatever changes are necessary to ensure that he does not repeat this

21 conduct or commit other crimes.  In the PSR, Defendant expressed plans for productive employment and

22 to relocate out of the Bay Area, both of which should aid him in changing the direction of his life.

23 These efforts can continue once he is out of custody, but the government submits that a term of some

24 punishment is needed to provide necessary deterrence.

25     Because Defendant McKeller accepted responsibility without challenging the government's case,

26 and because he has indicated that he is willing to take specific, concrete steps toward rehabilitation, the

27 government submits that a term at the low end of the Guidelines range is appropriate.

28

US SENTENCING MEMORANDUM                  3
24-CR-0579 RS, *United States v. Jaleen McKeller*

1

**CONCLUSION**

2      For the foregoing reasons, the government respectfully recommends that the Court sentence

3    Defendant Jaleen McKeller to a total term of 10 months, three years of supervised release, and a $100

4    special assessment.  The government also requests that the Court order forfeiture of the firearms and

5    ammunition in this case.

6

7    DATED: November 26, 2025                    Respectfully submitted,

8
                                               CRAIG H. MISSAKIAN
9                                              United States Attorney

10
                                                      /s/
11                                             KEVIN J. BARRY
                                               Assistant U.S. Attorney
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28